OUR FILE NUMBER:  AMH 36-29378 (JVF/RJC-1)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
= = = = = = = = = = = = = = = = = = = = = = = =X          **NOTICE/PETITION FOR**
TINA L. DeWITT,                                          **REMOVAL**

                                    Plaintiff,

                                                          08 CV 01277

              - against -                                 Docket No.:
                                                              CIV

STUART E. ZEH,
                                                          RECEIVED
                                                          FEB 07 2008
                                    Defendant.
= = = = = = = = = = = = = = = = = = = = = = = =X          U.S.D.C. S.D.N.Y.


TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK:

              Defendant, STUART E. ZEH, files this Notice/Petition for Removal under

28 U.S.C. §§ 1332, 1441, 1446 and Federal Rules of Civil Procedure, Rule

81(c) and Local Rule 81.1 and respectfully shows the Court:

              A.    The petitioner STUART E. ZEH is the alleged defendant in the

above-entitled action.

              B.    The above-entitled action was commenced in the Supreme Court

of the State of New York, County of Bronx, on or about January 2, 2008

under index number 304047/08, and is now pending before that Court.

              C.    The above-entitled action is a civil action for personal injuries

allegedly sustained in a motor vehicle accident.

              D.    The action is one of which the United States District Courts are

given original jurisdiction under 28 U.S.C. § 1332(a) by reason of the diversity

of citizenship of the parties.

E.    The amount of controversy in the action, exclusive of interest and costs, exceeds $75,000.

F.    Thirty (30) days have not yet expired since the action thereby became removable to this Court.

G.    At the time of the commencement of this action, the plaintiff TINA L. DeWITT, upon information and belief, was and still is a resident of the State of Pennsylvania, residing at 203 Militia Court, Collegeville, Pa. 19426. At the time of the commencement of this action, the petitioner, STUART E. ZEH, was and still is a resident of the State of New Jersey, residing at 969 Bloomfield Avenue, Glen Ridge, New Jersey.

H.    The accident which is the subject of this action took place on September 14, 2007, in the Town of Florida, County of Montgomery, State of New York.  As aforesaid, plaintiff commenced this action in the Supreme Court of the State of New York, County of Bronx.

I.    Copies of all pleadings, process and Orders served on petitioner in this action are attached and marked as **Exhibit "A"**.

J.    The summons and complaint was received by the petitioner STUART E. ZEH on or about January 9, 2008.

WHEREFORE, petitioner requests that the above-entitled action be removed from the Supreme Court of the State of New York, County of Bronx, to the United States District Court for the Southern District of the State of New York.

DATED:    New York, New York
          February 6, 2008

                                      Yours, etc.,

                                      BIVONA & COHEN, P.C.
                                      Attorneys for Defendant
                                      STUART E. ZEH
                                      Wall Street Plaza
                                      88 Pine Street – 17th Floor
                                      New York, New York 10005
                                      (212) 363-3100

                                      By: _____
                                          GERALD G. COWEN (3680)

TO:

McGIVNEY & KLUGER, P.C.
Attorneys for Plaintiff
80 Broad Street, 23rd Floor
New 80 Broad Street, 23rd Floor
New York, New York 10004
(212) 509-3456
Attention: Lawrence J.T. McGivney, Esq.

OUR FILE NUMBER:  AMH 36-29378 (JVF/RJC-1)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
= = = = = = = = = = = = = = = = = = = = = = =X
TINA L. DeWITT,

                          Plaintiff,

          - against -

STUART E. ZEH,

                        Defendant.

= = = = = = = = = = = = = = = = = = = = = = =X

**NOTICE TO ADVERSE
PARTIES OF A FILING
OF A NOTICE OF
REMOVAL**


Docket No.:

_____ CIV _____


      NOTICE IS HEREBY GIVEN under the provisions of 28 USC §1446(d)
that on January 7, 2008, the defendant STUART E. ZEH filed with the Clerk
of the Court at the United States Courthouse, located at 500 Pearl Street,
500 Pearl Street, New York, New York 10007, the attached Notice of
Removal to accomplish the removal of the action pending in the Supreme
Court of the State of New York, County of Bronx, entitled TINA L. DeWITT,
Plaintiff, against STUART E. ZEH, Defendant, under Bronx County index
number 304047/08, to the United States District Court for the Southern
District of New York, 500 Pearl Street, 500 Pearl Street, New York, New
York 10007.  A copy of the Notice of Removal is also being filed with the
Clerk of the Supreme Court, County of Bronx.  Under 28 USC §§ 1332,
1441 and 1446, and the Federal Rules of Civil Procedure, Rule 81(c) and
Local Rule 81.1, this action now will be placed on the docket of this District
Court for further proceedings.

DATED:    New York, New York
          February 5, 2008

                                   Yours, etc.,

                                   BIVONA & COHEN, P.C.
                                   Attorneys for Defendant
                                   STUART E. ZEH
                                   Wall Street Plaza
                                   88 Pine Street – 17th Floor
                                   New York, New York 10005
                                   (212) 363-3100

                                   By: _____
                                        GERALD G. COWEN (3680)

TO:

McGIVNEY & KLUGER, P.C.
Attorneys for Plaintiff
80 Broad Street, 23rd Floor
New 80 Broad Street, 23rd Floor
New York, New York 10004
(212) 509-3456
Attention: Lawrence J.T. McGivney, Esq.

STATE OF NEW YORK       )
                                     ss:
COUNTY OF NEW YORK   )

      NANCY DELGADO, being duly sworn, hereby deposed and says as follows:

      I am not a party to this action and I am over the age of eighteen (18) years and reside in Staten Island, New York.

      On February ___7___ , 2008, I served the within **NOTICE/PETITION FOR REMOVAL** and **NOTICE TO ADVERSE PARTIES OF A FILING OF A NOTICE OF REMOVAL** on the attorneys and parties listed below at the addresses designated by said attorneys and parties for that purpose, by depositing a true copy of same enclosed in a post-paid properly addressed wrapper, in a post-office-official depository, under the exclusive care and custody of the United States Postal Service within New York State.

TO:
McGIVNEY & KLUGER, P.C.
Attorneys for Plaintiff
80 Broad Street, 23rd Floor
New 80 Broad Street, 23rd Floor
New York, New York 10004
(212) 509-3456
Attention: Lawrence J.T. McGivney, Esq.

NANCY DELGADO

Sworn to before me this ___7___
day of February, 2008.

NOTARY PUBLIC

MARIA V. SALLES
Notary Public, State of New York
No. 41-4970785
Qualified in Queens County
Commission Expires ___8/20/2010___

**Exhibit A**

01/04/2008   09:23   2125894420                                                    PAGE   02

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-----------------------------------------------------X
TINA L. DeWITT,

                              Plaintiff,                    Index No.: 304047/08
                                                            Filed: 1/2/08
              -against-
                                                            Plaintiff designated New York
STUART E. ZEH,                                              County as the place of trial.

                              Defendant.                   **SUMMONS**
-----------------------------------------------------X

**To the above named Defendant:**

       **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve
a copy of your answer on the plaintiff's attorneys within 20 days after the service of this
summons, exclusive of the day of service of this summons, or within 30 days after service of this
summons is complete if this summons is not personally delivered to you within the State of New
York.

       In case of your failure to answer this summons, a judgment by default will be taken
against you for the relief demanded in the complaint, together with the costs of this action.

Dated: New York, New York
       December 26, 2007

                              Yours etc.,

                              McGIVNEY & KLUGER, P.C.
                              Attorneys for Plaintiff

                    By:  _____
                              Lawrence J.T. McGivney
                              80 Broad Street, 23rd Floor
                              New York, New York  10004
                              (212) 509-3456
                              (Our File:  032G-223)

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

------------------------------------------------------------X

TINA L. DeWITT,                                        Index No.:
                                                       Filed:

                         Plaintiff,

          -against-                                    **VERIFIED COMPLAINT**

STUART E. ZEH,

                         Defendant.

------------------------------------------------------------X

Plaintiff, by her attorneys, McGIVNEY & KLUGER, P.C., as and for her Verified

Complaint, respectfully alleges, upon information and belief as follows:

### AS AND FOR A FIRST CAUSE OF ACTION

1.      The defendant, STUART E. ZEH, at all times herein mentioned was and still is a
resident of the County of Essex and State of New Jersey.

2.      On or about September 14, 2007, STUART E. ZEH was the owner of a 2004
Ferrari automobile, bearing license plate number FORZA1, State of New Jersey.

3.      At all relevant times herein, STUART E. ZEH was the registered owner of a 2004
Ferrari automobile, bearing license plate number FORZA1, State of New Jersey.

4.      At all relevant times herein, STUART E. ZEH was the titled owner of a 2004
Ferrari automobile, bearing license plate number FORZA1, State of New Jersey.

5.      At all relevant times herein, STUART E. ZEH was the lessee of a 2004 Ferrari
automobile, bearing license plate number FORZA1, State of New Jersey.

3

5139437411    MIDLAND    11:04:15 a.m.    01-16-2008    15/18

01/04/2008    09:23    2125094420

PAGE    05

6.    At all relevant times herein, STUART E. ZEH was the lessor of a 2004 Ferrari automobile, bearing license plate number FORZA1, State of New Jersey.

7.    Prior to September 14, 2007, STUART E. ZEH maintained a certain 2004 Ferrari automobile, bearing license plate number FORZA1, State of New Jersey.

8.    On September 14, 2007, STUART E. ZEH was the operator of a 2004 Ferrari automobile, bearing license plate number FORZA1, State of New Jersey.

9.    On September 14, 2007, STUART E. ZEH was controlling a 2004 Ferrari automobile, bearing license plate number FORZA1, State of New Jersey.

10.    On September 14, 2007, the automobile bearing license number FORZA1, State of New Jersey was being operated by STUART E. ZEH westbound on I-90 in the Town of Florida, New York.

11.    On September 14, 2007, the plaintiff, TINA L. DeWITT, was operating a 2002 Acura automobile, bearing license plate number GRS6991, State of Pennsylvania, westbound on I-90 in the Town of Florida, New York.

12.    On or about September 14, 2007, the 2004 Ferrari automobile, bearing license plate number FORZA1, operated by the defendant, STUART E. ZEH, struck the rear end of the 2002 Acura automobile, bearing license plate number GRS6991, which was operated by the plaintiff, TINA L. DeWITT, in the westbound lanes of I-90, near the intersection of Milepost 170.4, in the Town of Florida, New York.

13.    As a result of the foregoing, the plaintiff, TINA L. DeWITT, was injured.

14.    As a result of the foregoing, the plaintiff, TINA L. DeWITT, was seriously injured.

01/04/2008  09:23    2125094420

15.    As a result of the foregoing, the plaintiff, TINA L. DeWITT, was permanently injured.

16.    The aforesaid occurrence and resulting injuries to the plaintiff, TINA L. DeWITT, were solely as a result of the defendant's negligence, carelessness and recklessness in the ownership, leasing, operation, maintenance, and control of the defendant's motor vehicle.

17.    As a result of the foregoing, the plaintiff, TINA L. DeWITT, sustained serious personal injuries as defined in § 5102(d) of the Insurance Law of the State of New York, and/or economic loss greater than basic economic loss as defined in § 5102(a) of the Insurance Law of the State of New York.

18.    This action falls within one or more of the exceptions set forth in § 1602 of the Civil Practice Law and Rules.  Particularly the exception set forth in § 1602(6).

19.    Due to defendant's negligence, the plaintiff, TINA L. DeWITT, is entitled to damages in the sum of $5,000,000.00.

WHEREFORE, the plaintiff, TINA L. DeWITT, demands:

a.    Judgment awarding damages in the sum of $5,000,000.00 on the first cause of action; and

5139437411 · MIDLAND 11:04:37 a.m. 01-16-2008 17/18
Case 1:08-cv-01277-PAC Document 3 Filed 05/02/2008 Page 12 of 48
. . . . 01/04/2008 09:23 2125094420 PAGE 07

b. Interest and the costs and disbursements of this action, and such other and further relief as to this Court seems just and proper.

Dated: New York, New York
December 26, 2007

Yours etc.,

McGIVNEY & KLUGER, P.C.
Attorneys for Plaintiff

By: _____
Lawrence J.T. McGivney
80 Broad Street, 23rd Floor
New York, New York 10004
(212) 509-3456

TO: STUART E. ZEH
969 Bloomfield Avenue
Glen Ridge, New Jersey 07028
(PERSONAL SERVICE)

6

01/04/2008   09:23   2125094420

## ATTORNEY'S VERIFICATION

STATE OF NEW YORK      )
                       : ss.:
COUNTY OF NEW YORK  )

LAWRENCE J.T. McGIVNEY, being duly sworn, deposes and says that he is an attorney with the law firm of McGIVNEY & KLUGER, P.C., that he has read the foregoing Summons and Verified Complaint by TINA L. DeWITT and knows the contents thereof, and that the same is true to his own knowledge, except as to matters therein stated to be alleged upon information and belief, and that as to those matters, I believe them to be true.  The sources of my information are conversations with the plaintiff.  The reason this verification is made by deponent and not by plaintiff is because plaintiff does not reside within the County where her attorneys have an office.

Dated: New York, New York
       December 26, 2007

LAWRENCE J.T. McGIVNEY

OUR FILE NUMBER:  AMH 36-29378 (JVF/RJC-1)

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
= = = = = = = = = = = = = = = = = = = = = = = = X
TINA L. DeWITT,

VERIFIED ANSWER

                                        Plaintiff,

Index No.:
304047/08

              - against -

STUART E. ZEH,

                                        Defendant.
= = = = = = = = = = = = = = = = = = = = = = = X

        Defendant, STUART E. ZEH, by his attorneys, BIVONA & COHEN, P.C.,

as and for his Verified Answer to Plaintiff's Verified Complaint, alleges upon

information and belief, as follows:

        1.      Denies knowledge or information sufficient to form a belief as to

each and every allegation of the paragraph of the Complaint designated as

"11".

        2.      Denies upon information and belief each and every allegation of

the paragraphs of the Complaint designated as "5", "6", "12", "13", "14",

"15", "16", "17" and "19"

        3.      Denies each and every allegation of the paragraph of the

Complaint designated as "18", and refers all questions of law to the Trial

Court at the time of trial.


                AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

        4.      If the injuries and damages were sustained by the plaintiff at the

time and place and in the manner alleged in the Complaint, such damages and

injuries are attributable, in whole or in part, to the culpable conduct of the plaintiff, and if any damages are recoverable against this defendant, the amount of such damages shall be diminished in the proportion which the culpable conduct attributable to the plaintiff bears to the culpable conduct which caused the damages.

<div align="center">AS AND FOR A SECOND AFFIRMATIVE DEFENSE</div>

5.    Answering defendant claims the benefits of each and every provision of CPLR §4545 including but not limited to, any credit or off-set by reason of any replacement or indemnification of costs or expenses from any collateral source.

<div align="center">AS AND FOR A THIRD AFFIRMATIVE DEFENSE</div>

6.    Upon information and belief, the plaintiff was not wearing a seatbelt or other restraint device at the time of the alleged occurrence and, accordingly, any award made to and accepted by the plaintiff for any injuries or damages set forth in the Verified Complaint must be reduced in such proportion and to the extent that the injuries and damages complained of were caused, aggravated or contributed to by the plaintiff's failure to wear a seatbelt or other restraint device and to have same operational at the time of the occurrence pursuant to Vehicle and Traffic Law §1229-c of the State of New York.

<div align="center">AS AND FOR A FOURTH AFFIRMATIVE DEFENSE</div>

7.    The plaintiff's cause of action is barred by Insurance Law §5102 and §5104 in that the plaintiff and the answering defendant are "covered

persons" and Insurance Law §5104 states that in any action by or on behalf of a "covered person" for personal injuries arising out of negligence in the use or operation of a motor vehicle in this state, there shall be no right to recovery for non-economic loss, except in the case of "serious injury" or for economic loss greater than "basic economic loss" and that plaintiff herein failed to sustain a "serious injury" or economic loss greater than "basic economic loss".

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

8.    The Court lacks jurisdiction of the subject matter of this action.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

9.    The Court lacks personal jurisdiction of the answering defendant in that said defendant is a non-domiciliary of the State of New York, and/or that service of process was not properly effected.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

10.    The venue selected by plaintiff is improper and inconvenient, subjecting this action to dismissal by the Court.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

11.    Plaintiff's Complaint fails to state a cause of action.

WHEREFORE, the Defendant STUART E. ZEH respectfully requests this Court to dismiss Plaintiff's Complaint in all respects, together with the Costs, disbursements and attorneys fees incurred in this action.

Dated:    New York, New York
          February 5, 2008

Yours, etc.,

BIVONA & COHEN, P.C.
Attorneys for Defendant
STUART E. ZEH
Wall Street Plaza
88 Pine Street – 25th Floor
New York, New York 10005
(212) 363-3100

By: _____
RODERICK J. COYNE

TO:

McGIVNEY & KLUGER, P.C.
Attorneys for Plaintiff
80 Broad Street, 23rd Floor
New 80 Broad Street, 23rd Floor
New York, New York 10004
(212) 509-3456
Attention: Lawrence J.T. McGivney, Esq.

STATE OF NEW YORK      )
                                          ss:
COUNTY OF NEW YORK  )

RODERICK J. COYNE, an attorney-at-law duly admitted to practice in the Courts of the State of New York, affirms the following under penalties of perjury:

1.      I am a member of the law firm of BIVONA & COHEN, P.C., attorneys for the Defendant STUART E. ZEH in the within action; that I have read the forgoing Verified Answer and know the contents thereof; that the same is true of my own knowledge except as to the matters therein stated upon information and belief, and that as to those matters I believe it to be true.

2.      I further state that the grounds for my belief as to all of the matters not stated upon my knowledge and the source of my knowledge as to all the matters therein stated, is the evidence in my possession.

3.      I further state that the reason this verification is not made by Defendant is that said Defendant STUART E. ZEH is not now located in the County where your affirmant has his office.

Dated:          New York, New York
                     February 5, 2008

RODERICK J. COYNE

OUR FILE NUMBER:  AMH 36-29378 (JVF/RJC-1)

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
= = = = = = = = = = = = = = = = = = = = = = = = X
TINA L. DeWITT,

                              Plaintiff,

              - against -

STUART E. ZEH,

                             Defendant.
= = = = = = = = = = = = = = = = = = = = = = = X

<u>NOTICE TO TAKE</u>
<u>ORAL DEPOSITION</u>

Index No.: 304047/08

S I R S :

      PLEASE TAKE NOTICE, that pursuant to Article 31 of the Civil Practice Law and Rules, the testimony of the Plaintiff and all adverse parties will be taken before a notary public at the offices of Defendant STUART E. ZEH's counsel, BIVONA & COHEN, P.C., Wall Street Plaza, 88 Pine Street, 17th Floor, New York, New York 10005 on the 27rd day of March, 2008, at <u>10:00</u> <u>A.M.</u>

      That for the purposes authorized, the said Plaintiffs are required to produce at such examination the following items pertaining to the accident which is alleged in the complaint of the Plaintiffs.

1.    All medical bills and any receipts, canceled checks or estimates relating to special damages.

2.    If lost earnings are claimed, Federal and State Income Tax Returns covering the year when loss claimed and one year prior thereto and one year after the incident year.

3.    Any contracts, leases or documents relied upon with respect to Plaintiff's claim.

4.    Any statement given by or on behalf of any Defendant serving this notice.

5.    Any and all exhibits, papers and/or documents relative to Plaintiff's claim.

Dated:    New York, New York
          February 5, 2008

Yours, etc.,

BIVONA & COHEN, P.C.
Attorneys for Defendant
STUART E. ZEH
Wall Street Plaza
88 Pine Street – 17th Floor
New York, New York 10005
(212) 363-3100

By: _____
    RODERICK J. COYNE

TO:

McGIVNEY & KLUGER, P.C.
Attorneys for Plaintiff
80 Broad Street, 23rd Floor
New 80 Broad Street, 23rd Floor
New York, New York 10004
(212) 509-3456
Attention: Lawrence J.T. McGivney, Esq.

OUR FILE NUMBER:  AMH 36-29378 (JVF/RJC-1)

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
= = = = = = = = = = = = = = = = = = = = = = =X
TINA L. DeWITT,

|                        | Plaintiff,    | DEMAND FOR A BILL OF PARTICULARS |

- against -

Index No.: 304047/08

STUART E. ZEH,

Defendant.
= = = = = = = = = = = = = = = = = = = = = = =X

C O U N S E L O R S :

    PLEASE TAKE NOTICE, that the Defendant, STUART E. ZEH., demands that you serve upon the undersigned, within thirty (30) days after service of this notice, a Verified Bill of Particulars of the plaintiffs' claim, to wit:

1.    The date and approximate time of day of the alleged incident.

2.    The approximate location of the alleged incident.

3.    A general description of the acts or omissions constituting the alleged negligence of each named defendant separately.

4.    Was notice, actual or constructive, alleged to have been given?

5.    If actual notice or constructive notice is claimed:

    a)    If actual notice, a statement of when given, by whom given, to whom given and where given.
    b)    If constructive notice is claimed, the length of time the condition complained of existed.

6.    A statement of the injuries sustained and description of those claimed to be permanent.

a)    If it is claimed that the incident in question exacerbated and/or aggravated any physical condition of the plaintiff, set forth specifically each and every physical condition it is claimed was exacerbated and/or aggravated and set forth the names and addresses of each and every physician who treated or examined the plaintiff for such condition <u>prior to</u> the date of the incident herein.

7.    Length of time confined to:

a)    Bed;
b)    Home; and
c)    Hospital;

8.    Length of time incapacitated from employment, setting forth the name and address of said employer.

9.    Total amounts claimed as special damages for:

a)    Physicians' services;
b)    Medical supplies;
c)    Loss of earnings, together with occupation, name and address of employer, and dates incapacitated from employment;
d)    X-rays;
e)    Hospital expenses;
f)    Nurse's services; and
g)    Any other expenses;

9a.    Set forth whether or not plaintiff have been reimbursed for any claimed economic loss from any collateral source, or if any claim has been made but not yet honored for reimbursement from any collateral source, and if so, set forth the name of that collateral source and the amount of reimbursement received or claimed. If the collateral source be an insurance company, set forth the policy number under which said claim was made or paid, as well as the name and address of the company.

10.    Set forth plaintiffs' present residence.

11.    Set forth plaintiffs' dates of birth.

12.    Set forth plaintiffs' social security numbers.

13.    If the accident is claimed to have happened due to some condition or defect, then set forth in detail:

a) The manner in which it is alleged to have happened;
b) The exact location and nature of any such condition or defect;
c) A description of the condition, if any, which is alleged to have caused the accident, and
d) In what respect the condition complained of was defective.

14. State any and all laws, rules, regulations and ordinances that are claimed to be either applicable to the occurrence or to have been violated.

15. Set forth the name and address of each and every hospital facility at which plaintiff was treated, indicating the dates of such treatment resulting from the instant occurrence.

16. Set forth the name and address of each and every physician who treated or examined the plaintiff setting forth the dates of each such treatment or examination resulting from the instant occurrence.

17. If property damage is claimed, set forth:

a) Each item of property allegedly damaged;
b) The extent of damage to each item listed pursuant to subparagraph (a) of this demand;
c) The replacement cost of each item listed pursuant to subparagraph (a) of this demand along with an explanation of how such replacement cost was determined;
d) The original cost of each item listed pursuant to subparagraph (a) of this demand;
e) Copies of any and all receipts for the items allegedly damaged as a result of the subject incident;
f) Any sums of money expended by the plaintiff for any out of pocket repairs performed as a result of the subject incident;
g) Receipts for any out of pocket repairs performed as a result of the subject incident;
h) Any sums of money expended by the plaintiff for any out of pocket replacement costs incurred as a result of the subject incident;
i) Receipts for any out of pocket replacement costs incurred as a result of the subject incident;
j) The names of any collateral source providers to whom a claim was submitted for the damage allegedly sustained as a result of the subject incident.

18. State the direction in which the involved vehicles was/were proceeding at the time of the occurrence.

19. State if there is any claim of any defect or malfunction with respect to any of the involved vehicles and if so, state what the defect or malfunction is alleged to be.

20. State in detail the points of impact of the involved vehicles and the location of any damage to the vehicles following the occurrence.

21. If more than one (1) vehicle is involved indicate the sequence of contact between the involved vehicles.

23. If the incident reported to the defendants or anyone on defendants' behalf:

    a) State the date, time and place so reported and name of person on behalf of the defendants to whom reported.

    b) State whether the said report was in writing or verbal each time it was reported to the defendants.

    c) Set forth the name and address of any person accompanying the plaintiff at the time of the incident.

24. Set forth the manner in which the plaintiff suffered "serious injuries" as defined in the New York State Insurance Law.

25. Set forth the manner in which the plaintiff sustained economic loss greater than basic economic loss as defined in the New York State Insurance Law.

26. State whether it will be claimed that traffic control devices were inoperable at the time of incident stating the location and the traffic direction it or they failed to control.

PLEASE TAKE FURTHER NOTICE, that the failure of plaintiffs to comply with the demand of this defendant within twenty (20) days will serve as the basis of a motion to preclude, up to and including at the time of Trial, the plaintiffs from offering into evidence any of the particulars demanded herein.

Dated:    New York, New York
          February 5, 2008

Yours, etc.,

BIVONA & COHEN, P.C.
Attorneys for Defendant
STUART E. ZEH
Wall Street Plaza
88 Pine Street – 17th Floor
New York, New York 10005
(212) 363-3100


By: _____
RODERICK J. COYNE


TO:

McGIVNEY & KLUGER, P.C.
Attorneys for Plaintiff
80 Broad Street, 23rd Floor
New 80 Broad Street, 23rd Floor
New York, New York 10004
(212) 509-3456
Attention: Lawrence J.T. McGivney, Esq.

OUR FILE NUMBER:  AMH 36-29378 (JVF/RJC-1)

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
= = = = = = = = = = = = = = = = = = = = = = =X
TINA L. DeWITT,

                              Plaintiff,

                - against -

STUART E. ZEH,

                              Defendant.
= = = = = = = = = = = = = = = = = = = = = = =X

NOTICE FOR
DISCOVERY AND
INSPECTION FOR
PHOTOGRAPHS

Index No.: 304047/08

        PLEASE TAKE NOTICE, that pursuant to CPLR 3120, the Defendant,

STUART E. ZEH,  by their attorneys, BIVONA & COHEN, P.C., demands that

you produce at said attorneys' offices, Wall Street Plaza, New York, New

York 10005, within fifteen (15) days from the date this discovery notice is

served upon you, any photographs of the following:

1. Photographs of Plaintiff depicting the bodily injuries allegedly
   sustained by him as a result of the subject incident.

2. Photographs of the incident scene depicting the precise location
   where the within incident is alleged to have occurred and/or the
   allegedly defective condition, as said location existed at the time of
   incident.

3. Any other photographs relating to the issues of liability or damages.

        PLEASE TAKE FURTHER NOTICE that, Defendant requests that they be

provided with duplicate original photographs and not photocopies of

photographs, as Defendant's counsel will reimburse adverse counsel for the

cost of providing said duplicate original photographs, as demanded above.

PLEASE TAKE FURTHER NOTICE, that in the event of your failure to comply with this Notice, that the undersigned may move to preclude you from introducing into evidence and for otherwise using each aforementioned item for any purpose whatsoever, upon the trial of this action.

Dated:     New York, New York
           February 5, 2008

                                        Yours, etc.,

                                        BIVONA & COHEN, P.C.
                                        Attorneys for Defendant
                                        STUART E. ZEH
                                        Wall Street Plaza
                                        88 Pine Street – 17th Floor
                                        New York, New York 10005
                                        (212) 363-3100


                                        By: _____
                                            RODERICK J. COYNE

TO:

McGIVNEY & KLUGER, P.C.
Attorneys for Plaintiff
80 Broad Street, 23rd Floor
New 80 Broad Street, 23rd Floor
New York, New York 10004
(212) 509-3456
Attention: Lawrence J.T. McGivney, Esq.

OUR FILE NUMBER:  AMH 36-29378 (JVF/RJC-1)

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
= = = = = = = = = = = = = = = = = = = = = = =X
TINA L. DeWITT,

                          Plaintiff,

          - against -

STUART E. ZEH,

                       Defendant.
= = = = = = = = = = = = = = = = = = = = = = =X

<u>DEMAND FOR MEDICAL
INFORMATION</u>

Index No.: 304047/08

        PLEASE TAKE NOTICE, that pursuant to the Rules of the Court, you are hereby required to serve upon and deliver to the undersigned and all other parties to the action, the following information regarding Plaintiff:

1.     The names and addresses of all physicians or other health care providers of every description who have previously consulted, treated or examined the parties seeking recovery for each of the conditions allegedly caused by, or exacerbated by the occurrence described in the Complaint, including the date of such treatment or examination;

2.     Duly executed and acknowledged written authorizations directed to any hospitals, clinics or other health care facilities in which the injured Plaintiff herein was or were treated or confined due to the occurrence set forth in the Complaint so as to permit the securing of a copy of the entire hospital record or records, including operative reports and radiological technicians' reports, together with copies of radiological films;

3.     Duly executed and acknowledged written authorizations to allow the answering Defendant to obtain the complete office medical records relating to the Plaintiff, of each health care provider identified in (1) above;

4.  Copies of all medical records reports received from health care providers identified in (1) above.  These shall include a detailed recital of the injuries and conditions as to which testimony will be offered at the trial, referring to and identifying those x-rays and technicians' reports which will be offered at the trial;

5.  Duly executed and acknowledged written authorizations to allow Defendant to obtain complete pharmacy or drug store records with respect to any drugs prescribed for Plaintiff from one (1) year prior to the occurrence described in the Complaint to the present date;

Upon your failure to comply herewith, Plaintiffs herein, will be precluded at the trial of this action from offering any evidence of the conditions described in the reports or records, medical records, x-ray reports or reports of other technicians not made available pursuant to this Rule, nor will the Court hear the testimony of any physicians whose medical reports have not been served pursuant to the aforesaid Demands.

Dated:    New York, New York
          February 5, 2008

                                    Yours, etc.,

                                    BIVONA & COHEN, P.C.
                                    Attorneys for Defendant
                                    STUART E. ZEH
                                    Wall Street Plaza
                                    88 Pine Street – 17th Floor
                                    New York, New York 10005
                                    (212) 363-3100


                                    By: _____
                                        RODERICK J. COYNE

TO:

McGIVNEY & KLUGER, P.C.
Attorneys for Plaintiff
80 Broad Street, 23rd Floor
New 80 Broad Street, 23rd Floor
New York, New York 10004
(212) 509-3456
Attention: Lawrence J.T. McGivney, Esq.

OUR FILE NUMBER:  AMH 36-29378 (JVF/RJC-1)

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
= = = = = = = = = = = = = = = = = = = = = = =X
TINA L. DeWITT,

                        Plaintiff,

           - against -

STUART E. ZEH,

                       Defendant.
= = = = = = = = = = = = = = = = = = = = = = =X

                                    DEMAND FOR
                                    EMPLOYMENT
                                    AUTHORIZATIONS

                                    Index No.: 304047/08

      PLEASE TAKE NOTICE, that demand is hereby made upon the attorney

for the Plaintiffs that within thirty (30) days, they serve upon the undersigned

duly executed authorizations addressed to any and all persons or entities which

employed Plaintiff at the time of incident, enabling the undersigned to obtain

copies of plaintiff's employment records, including but not limited to payroll

and attendance records, W-2 statements, applications for employment, records

related to any in-house medical examinations and/or any medical

accommodations or leaves of absences.

      PLEASE TAKE FURTHER NOTICE, that failure to comply with this notice

will serve as the basis for a motion to preclude the Plaintiffs upon a trial of this

action from offering evidence as to lost wages and/or income as a result of the

subject incident.

Dated:      New York, New York
            February 5, 2008

Yours, etc.,

BIVONA & COHEN, P.C.
Attorneys for Defendant
STUART E. ZEH
Wall Street Plaza
88 Pine Street – 17th Floor
New York, New York 10005
(212) 363-3100

By: _____
RODERICK J. COYNE

TO:

McGIVNEY & KLUGER, P.C.
Attorneys for Plaintiff
80 Broad Street, 23rd Floor
New 80 Broad Street, 23rd Floor
New York, New York 10004
(212) 509-3456
Attention: Lawrence J.T. McGivney, Esq.

OUR FILE NUMBER:  AMH 36-29378 (JVF/RJC-1)

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
= = = = = = = = = = = = = = = = = = = = = = = = X
TINA L. DeWITT,

                                    Plaintiff,              NOTICE FOR DISCOVERY
                                                           DOCUMENTATION

              - against -
                                                           Index No.: 304047/08
STUART E. ZEH,

                                    Defendant.
= = = = = = = = = = = = = = = = = = = = = = = = X

S I R S :

        PLEASE TAKE NOTICE, that pursuant to CPLR 3120, the Defendant,

STUART E. ZEH., by their attorneys, BIVONA & COHEN, P.C., demands that

you produce at said attorneys' offices, Wall Street Plaza, New York, New York

10005, within fifteen (15) days from the date this discovery notice is served

on you, the following documents of Plaintiff:

        1.   True and accurate copies of documentation reflecting income
             earned by Plaintiffs for the years 2003, 2004 and 2005
             including, but not limited to W-2 Forms, 1099 Forms, and any
             other indicia of income earned.

        2.   True and accurate copies of Plaintiffs' Income Tax returns for
             2003, 2004 and 2005, both State and Federal.

        PLEASE TAKE FURTHER NOTICE, that photocopies of the documents

set forth above may be supplied to the offices of BIVONA & COHEN, P.C.,

within the time set forth above, in lieu of actual production of same.

        PLEASE TAKE FURTHER NOTICE, that in the event of your failure to

comply with this notice, that the undersigned may move to preclude you from

introducing into evidence and for otherwise using such aforementioned item for any purpose whatsoever, upon the trial of this action.

Dated:    New York, New York
          February 5, 2008

                                        Yours, etc.,

                                        BIVONA & COHEN, P.C.
                                        Attorneys for Defendant
                                        STUART E. ZEH
                                        Wall Street Plaza
                                        88 Pine Street – 17th Floor
                                        New York, New York 10005
                                        (212) 363-3100

                                        By: _____
                                            RODERICK J. COYNE

TO:

McGIVNEY & KLUGER, P.C.
Attorneys for Plaintiff
80 Broad Street, 23rd Floor
New 80 Broad Street, 23rd Floor
New York, New York 10004
(212) 509-3456
Attention: Lawrence J.T. McGivney, Esq.

OUR FILE NUMBER:  AMH 36-29378 (JVF/RJC-1)

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
= = = = = = = = = = = = = = = = = = = = = = = =X
TINA L. DeWITT,

                                    Plaintiff,          NOTICE FOR DISCOVERY

          - against -                                  Index No.: 304047/08

STUART E. ZEH,

                                    Defendant.
= = = = = = = = = = = = = = = = = = = = = = =X

S I R S :

          PLEASE TAKE NOTICE, that each Defendant we represent in this action
demands that you produce, pursuant to CPLR §§3101(e) and 3120, and
permit us to discover, inspect, copy and photocopy any statements in the
possession, custody or control of any party you represent in this action or in
your file, actually or allegedly made by or taken from any Defendant we
represent in this action, or from any agent, servant or employee of any such
Defendant by mailing said statements to this office within thirty (30) days of
the date hereof.

          PLEASE TAKE FURTHER NOTICE, that in the event of your failure to
comply with this notice, that the undersigned may move to preclude you from
introducing into evidence and for otherwise using such aforementioned item
for any purpose whatsoever, upon the trial of this action.

Dated:       New York, New York
             February 5, 2008

Yours, etc.,

BIVONA & COHEN, P.C.
Attorneys for Defendant
STUART E. ZEH
Wall Street Plaza
88 Pine Street – 17th Floor
New York, New York 10005
(212) 363-3100

By: _Roderick J. Coyne_
     RODERICK J. COYNE

TO:

McGIVNEY & KLUGER, P.C.
Attorneys for Plaintiff
80 Broad Street, 23rd Floor
New 80 Broad Street, 23rd Floor
New York, New York 10004
(212) 509-3456
Attention: Lawrence J.T. McGivney, Esq.

OUR FILE NUMBER:  AMH 36-29378 (JVF/RJC-1)

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
= = = = = = = = = = = = = = = = = = = = = =X
TINA L. DeWITT,

                       Plaintiff,

         - against -

STUART E. ZEH,

                    Defendant.
= = = = = = = = = = = = = = = = = = = = = =X

DEMAND FOR NAMES
AND ADDRESSES OF
WITNESSES

Index No.: 304047/08

PLEASE TAKE NOTICE, that you are hereby required to provide to the undersigned within twenty (20) days hereof, a list of the names and addresses of:

1. All eyewitnesses to the occurrence alleged in the Plaintiffs' Complaint.

2. If notice of the condition complained of is alleged, all witnesses who will appear and testify on behalf of Plaintiffs with respect thereto.

PLEASE TAKE FURTHER NOTICE, that in the event of your failure to comply with this notice, that the undersigned may move to preclude you from introducing into evidence and for otherwise using such aforementioned item for any purpose whatsoever, upon the trial of this action.

Dated:     New York, New York
          February 5, 2008

Yours, etc.,

BIVONA & COHEN, P.C.
Attorneys for Defendant
STUART E. ZEH
Wall Street Plaza
88 Pine Street – 17th Floor
New York, New York 10005
(212) 363-3100


By: _____
    RODERICK J. COYNE


TO:

McGIVNEY & KLUGER, P.C.
Attorneys for Plaintiff
80 Broad Street, 23rd Floor
New 80 Broad Street, 23rd Floor
New York, New York 10004
(212) 509-3456
Attention: Lawrence J.T. McGivney, Esq.

OUR FILE NUMBER:  AMH 36-29378 (JVF/RJC-1)

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
= = = = = = = = = = = = = = = = = = = = = = = =X
TINA L. DeWITT,

                                   Plaintiff,            <ins>DEMAND FOR EXPERTS</ins>

           - against -                      Index No.: 304047/08

STUART E. ZEH,

                                  Defendant.
= = = = = = = = = = = = = = = = = = = = = = = =X

S I R S:

       PLEASE TAKE NOTICE, that pursuant to Subdivision (d) of CPLR 3101, the following information must be furnished to the undersigned, within twenty (20) days of the date of this Notice:

1.     State the name and address of each person Plaintiffs expect to call to give expert testimony at the trial of this action.

2.     State the qualifications, including educational background and degrees, publications, memberships, in professional organizations and societies, certifications and licenses, and employment history, of each person Plaintiffs expect to call to give expert testimony at the trial of this action.

3.     For each person Plaintiffs expect to call to give expert testimony at this trial, state the subject matter "in reasonable detail" of the testimony, the opinions and conclusions to which the expert will reply in formulating his opinions and conclusions, and the source or sources of the expert's knowledge concerning such facts, including where applicable, the date of statistics, studies, surveys, reports, test results, analysis, and all other source material relied upon by the expert.

PLEASE TAKE FURTHER NOTICE, this is to be deemed a continuing demand, and all responsive information that subsequently is made known or become available to Plaintiffs shall be furnished to the undersigned in a timely fashion.

PLEASE TAKE FURTHER NOTICE, that Defendant will move at the time of trial or prior thereto, to preclude the giving of testimony by an expert for whom full and complete information had not been furnished in compliance with this demand.

Dated:       New York, New York
             February 5, 2008

                                    Yours, etc.,

                                    BIVONA & COHEN, P.C.
                                    Attorneys for Defendant
                                    STUART E. ZEH
                                    Wall Street Plaza
                                    88 Pine Street – 17th Floor
                                    New York, New York 10005
                                    (212) 363-3100


                                    By: _____
                                           RODERICK J. COYNE


TO:

McGIVNEY & KLUGER, P.C.
Attorneys for Plaintiff
80 Broad Street, 23rd Floor
New 80 Broad Street, 23rd Floor
New York, New York 10004
(212) 509-3456
Attention: Lawrence J.T. McGivney, Esq.

OUR FILE NUMBER:  AMH 36-29378 (JVF/RJC-1)

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
= = = = = = = = = = = = = = = = = = = = = =X
TINA L. DeWITT,

                                    Plaintiff,

                - against -

STUART E. ZEH,

                                    Defendant.
= = = = = = = = = = = = = = = = = = = = = =X

DEMAND FOR
AUTHORIZATIONS FOR
ANY MEDICAL/HEALTH
INSURANCE PLAN

Index No.: 304047/08

PLEASE TAKE NOTICE, that demand is hereby made upon the attorney for the Plaintiff that within thirty (30) days, they serve upon the undersigned duly executed authorizations for the records maintained for/regarding Plaintiffs by any medical and health insurance plan AND any medical and health insurance coverage in effect for Plaintiffs for the years 2003, 2004 and 2005.

PLEASE TAKE FURTHER NOTICE, that failure to comply with this notice will serve as the basis for a motion to preclude the Plaintiffs upon a trial of this action from offering evidence as to the treatment rendered at such hospital, whether such evidence consists of written records or of oral treatment.

Dated:      New York, New York
            February 5, 2008

Yours, etc.,

BIVONA & COHEN, P.C.
Attorneys for Defendant
STUART E. ZEH
Wall Street Plaza
88 Pine Street – 17th Floor
New York, New York 10005
(212) 363-3100

By: _____
RODERICK J. COYNE

TO:

McGIVNEY & KLUGER, P.C.
Attorneys for Plaintiff
80 Broad Street, 23rd Floor
New 80 Broad Street, 23rd Floor
New York, New York 10004
(212) 509-3456
Attention: Lawrence J.T. McGivney, Esq.

OUR FILE NUMBER:  AMH 36-29378 (JVF/RJC-1)

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
= = = = = = = = = = = = = = = = = = = = = = = =X
TINA L. DeWITT,

                        Plaintiff,

          - against -

STUART E. ZEH,

                    Defendant.
= = = = = = = = = = = = = = = = = = = = = = = =X

DEMAND FOR
COLLATERAL
SOURCE PAYMENTS
INFORMATION

Index No.: 304047/08

     PLEASE TAKE NOTICE, that you are hereby required to furnish to the undersigned within thirty (30) days hereof pursuant to 3101 and 4545(c) of the C.P.L.R., all documents, bills, invoices, receipts or canceled checks concerning indemnification, payment and/or reimbursements, in whole or in part, which Plaintiffs have received from collateral sources, including but not limited to insurance, social security, workers compensation, no-fault or employee benefit programs for the cost of medical care, custodial care, rehabilitation services, loss of earnings and other economic loss which the Plaintiffs will claim as special damages in this action or which Plaintiffs will claim were incurred as a result of the occurrence alleged in this action.

     PLEASE TAKE FURTHER NOTICE that failure to comply with the above mentioned request will render the Plaintiffs subject to available provisions provided under the C.P.L.R. and this demand is to be considered a continuing demand.

Dated:     New York, New York
           February 5, 2008

Yours, etc.,

BIVONA & COHEN, P.C.
Attorneys for Defendant
STUART E. ZEH
Wall Street Plaza
88 Pine Street – 17th Floor
New York, New York 10005
(212) 363-3100

By: _Roderick J. Coyne_
    RODERICK J. COYNE

TO:

McGIVNEY & KLUGER, P.C.
Attorneys for Plaintiff
80 Broad Street, 23rd Floor
New 80 Broad Street, 23rd Floor
New York, New York 10004
(212) 509-3456
Attention: Lawrence J.T. McGivney, Esq.

OUR FILE NUMBER: AMH 36-29378 (JVF/RJC-1)

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
= = = = = = = = = = = = = = = = = = = = = = =X
TINA L. DeWITT,

                       Plaintiff,         <u>NOTICE PURSUANT TO</u>
                                          <u>CPLR RULE 2103</u>

        - against -

                                      Index No.: 304047/08
STUART E. ZEH,

                       Defendant.
= = = = = = = = = = = = = = = = = = = = = =X

     PLEASE TAKE NOTICE that Defendant, STUART E. ZEH., by its attorneys, BIVONA & COHEN, P.C., hereby serves Notice upon you pursuant to Rule 2103 of the Civil Practice Law and Rules that it <u>expressly rejects</u> service of papers in this matter upon them by electronic means.

     PLEASE TAKE FURTHER NOTICE that waiver of the foregoing may only be effectuated by express prior written consent to such service by BIVONA & COHEN, P.C. and by placement thereby of BIVONA & COHEN'S electronic communication number in the address block of papers filed with the Court.

Dated:     New York, New York
           February 5, 2008

Yours, etc.,

BIVONA & COHEN, P.C.
Attorneys for Defendant
STUART E. ZEH
Wall Street Plaza
88 Pine Street – 17th Floor
New York, New York 10005
(212) 363-3100

By: _____
RODERICK J. COYNE

TO:

McGIVNEY & KLUGER, P.C.
Attorneys for Plaintiff
80 Broad Street, 23rd Floor
New 80 Broad Street, 23rd Floor
New York, New York 10004
(212) 509-3456
Attention: Lawrence J.T. McGivney, Esq.

STATE OF NEW YORK                    )
                                     ss:
COUNTY OF NEW YORK                   )

NANCY DELGADO, being duly sworn, hereby deposed and says as follows:

I am not a party to this action and I am over the age of eighteen (18) years and reside in Staten Island, New York.

On February 5th, 2008, I served the within VERIFIED ANSWER, EBT NOTICE AND VARIOUS DISCOVERY DEMANDS AND NOTICES on the attorneys and parties listed below at the addresses designated by said attorneys and parties for that purpose, by depositing a true copy of same enclosed in a post-paid properly addressed wrapper, in a post-office-official depository, under the exclusive care and custody of the United States Postal Service within New York State.

TO:
McGIVNEY & KLUGER, P.C.
Attorneys for Plaintiff
80 Broad Street, 23rd Floor
New 80 Broad Street, 23rd Floor
New York, New York 10004
(212) 509-3456
Attention: Lawrence J.T. McGivney, Esq.

                                                    _Nancy Delgado_
                                                    NANCY DELGADO

Sworn to before me this 5th
day of February, 2008.

_Maria V. Salles_
NOTARY PUBLIC
        MARIA V. SALLES
        Notary Public, State of New York    01SA 4970785
              No. 41-4970785
        Qualified in Queens County    8/20/2010
        Commission Expires _____

Case 1:08-cv-01757 Document 9 Filed 05/02/2008 Page 47 of 48

TINA L. DeWITT,

Plaintiff,

- against -

STUART E. ZEH,

Defendant.

## VERIFIED ANSWER, EBT NOTICE AND VARIOUS DISCOVERY DEMANDS AND NOTICES

**BIVONA & COHEN, P.C.**

*Attorney for* **Defendant**

88 PINE STREET
WALL STREET PLAZA
NEW YORK, N.Y. 10005-1886
(212) 363-3100

*To:*

*Attorney(s) for*

*Service of a copy of the within*      *is hereby admitted.*

*Dated:*

. . . . . . . . . . . . . . . . . .

*Attorney(s) for*

*PLEASE TAKE NOTICE*

<div style="writing-mode: vertical">Check Applicable Box</div>

☐
NOTICE OF
ENTRY

*that the within is a (certified) true copy of a*
*entered in the office of the clerk of the within named court on*      *20*

☐
NOTICE OF
SETTLEMENT

*that an Order of which the within is a true copy will be presented for settlement to the Hon.*
*one of the judges of the within named Court,*
*at*
*on*      *20*      *, at*      *M.*

*Dated:*

**BIVONA & COHEN, P.C.**

*Attorney for*

88 PINE STREET
WALL STREET PLAZA
NEW YORK, N.Y. 10005-1886
(212) 363-3100

*To:*

*Attorney(s) for*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TINA L. DeWITT,

                                                    Plaintiff,

        - against -

STUART E. ZEH,

                                                    Defendant.

## NOTICE/PETITION FOR REMOVAL, NOTICE TO ADVERSE PARTIES OF A FILING OF A NOTICE OF REMOVAL

### BIVONA & COHEN, P.C.

*Attorney for*        **Defendant**

88 PINE STREET

WALL STREET PLAZA

NEW YORK, N.Y. 10005-1886

(212) 363-3100

*To:*

*Attorney(s) for*

*Service of a copy of the within*                                    *is hereby admitted.*

*Dated:*        . . . . . . . . . . . . . . . . . . . . . . .

*Attorney(s) for*

*PLEASE TAKE NOTICE*

☐  NOTICE OF ENTRY        *that the within is a (certified) true copy of a*
                          *entered in the office of the clerk of the within named court on*        *20*

☐  NOTICE OF SETTLEMENT   *that an Order of which the within is a true copy will be presented for settlement to the Hon.*
                          *one of the judges of the within named Court,*
                          *at*
                          *on*        *20*        *, at*        *M.*

Check Applicable Box

*Dated:*

### BIVONA & COHEN, P.C.

*Attorney for*

88 PINE STREET

WALL STREET PLAZA

NEW YORK, N.Y. 10005-1886

(212) 363-3100

*To:*

*Attorney(s) for*